## HAYES *v.* PIKE.

Proceedings in bankruptcy do not affect the right of an assignee of a chose in action, previously acquired, to sue in the name of the bankrupt.

DEBT on a bond. One David Davis was, on the 18th day of September, 1840, arrested on an execution, wherein Hayes was judgment creditor, and thereupon gave said bond to the creditor, with said Ebenezer S. Pike and one Benjamin Savage as sureties. Hayes had, before the execution issued, assigned the order on which the judgment was rendered, to one David Steele, as collateral security, with other demands, to secure and indemnify Steele for his liabilities for Hayes, and for money which Steele had advanced for Hayes. A beneficial interest in said order, judgment, execution and bond remained in Hayes till his assignee was appointed, as hereinafter stated. Steele holds the judgment, execution and bond as collateral security, as aforesaid, and no adjustment has ever been had between him and Hayes, or between him and the assignee, concerning the demands, since the assignment, though, previous to Hayes' going into bankruptcy, Steele had paid money on his liabilities for Hayes. On the 16th

day of November, 1842, Hayes, at that time residing in the district of New-Hampshire, applied to the district court of the United States for the district of New-Hampshire for the benefit of an act of Congress, entitled "An act to establish a uniform system of bankruptcy throughout the United States," passed August 19, 1841, by filing in the office of the clerk of the district court his petition, in due form, verified by his oath, and such proceedings were had, in the course of law, that the court, on the 21st day of June, 1843, decreed and allowed Hayes a full discharge from all his debts, provable under said act of Congress, and granted him a certificate thereof. On the 4th day of February, 1843, the district court appointed Nathaniel Wells assignee of the property and of the rights of property of Hayes in said matter of bankruptcy. He gave bond in due form, and has ever since continued such assignee. The above facts were duly pleaded by the respective parties in this action, and it was agreed that if the court should be of opinion that the plaintiff can maintain his action, judgment should be rendered for him for such sum as he, by law, is entitled to recover, and costs; otherwise for the defendant for his cost.

*Hobbs*, for the defendant, cited Bankrupt Law, sec. 3; Chit. Plead. 15; *Carpenter* v. *Morrell*, 3 B. & P. 40; *Winch* v. *Keeley*, 1 T. R. 619; *Bradon* v. *Pate*, 2 H. Black. 308; *Eckhart* v. *Wilson*, 8 T. R. 140; 1 Cook Bank. 313; *Brandon* v. *Sands*, 2 Ves., Jun., 518; 3 Met. 522; 7 East 53; Eden B. L. 244.

*N. Eastman*, for the plaintiff.

GILCHRIST, J. Hayes, the nominal plaintiff, assigned to Steele the order upon which the action was brought against Davis, and the judgment, consequently, was obtained for Steele's benefit; and the bond, being part

of the remedy, was also taken for the benefit of the same party, but necessarily in the name of Hayes. The right of Steele, therefore, to bring the present action in the name of Hayes, to recover upon the bond, is a necessary and undoubted result of those transactions, unless his right to do so has been affected by the bankruptcy of Hayes, and the assignment of his effects to the assignees appointed by the district court in the course of the proceedings in bankruptcy.

By the decree of the district court, "all property and rights of property, of every name and nature," became divested out of the bankrupt, and vested in the assignee, who is authorized to sue for and defend the same. There seems to be nothing in the act to impair the authority justly acquired by another party to bring or prosecute an action for his own benefit in the name of the person who subsequently becomes a bankrupt. The power to do so having been acquired for the benefit of the party claiming it, is not revocable by the party granting it by a direct act for the purpose; or, as it seems, by the indirect effect of an application to the district court under the statute of bankruptcy.

But the authorities place the rights of the assignee of a chose in action upon the broad ground that property, held by the bankrupt in trust, does not pass to his assignees, and that therefore the *cestui que trust* cannot bring any action respecting such property in their names, but must bring it in the name of the bankrupt. *Carpenter* v. *Morrell,* 3 B. & P. 40; *Winch* v. *Keeley,* 1 T. R. 619. In each of those cases it was decided, upon full argument, that where a chose in action is assigned by one who afterwards becomes bankrupt, the action should be in his name, and not in the name of his assignees in bankruptcy.

But it is said that Hayes, having assigned the chose in action, retained a beneficial interest in it, and that such

interest passed to the assignee in bankruptcy, who was thereupon entitled to sue in his own name, and therefore the right to sue in the name of the bankrupt was displaced.

The proceedings in bankruptcy conferred upon the assignee the property of the bankrupt, and, as incident, the appropriate rights of action, but nothing more. The right of the bankrupt to the chose in action was to recover it upon first paying to Steele the sum it was pledged for, and the further right to recover of Steele what should remain after he had satisfied himself from its avails. Such was the extent of the bankrupt's interest, and such is, of course, the interest of his official assignee.

When the event is shown to happen which divests the interest of Steele and his right, as *cestui que trust*, to sue to the exclusion of all others from intermeddling with the suit, then the rights of the assignee, with its appropriate remedy, attaches, but not before.

The conclusion therefore is, that the action is well brought, and that there must be

*Judgment for the plaintiff.*